UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-61403-CIV-COHN/Seltzer

TIMOTHY STRAW,

      Plaintiff,

vs.

TRINITY YACHTS, L.L.C.,
a foreign corporation;
STEVEN ALYWARD; STEVEN FALLON;
SERGE GODIN; and IMAGINE, a
foreign corporation,

      Defendants.

_____/

## AMENDED COMPLAINT FOR MONEY DAMAGES

The Plaintiff, TIMOTHY STRAW, by and through his undersigned counsel, sues the Defendants, TRINITY YACHTS, L.L.C., a foreign corporation; STEVEN ALYWARD; STEVEN FALLON; SERGE GODIN; and IMAGINE, a foreign corporation, and alleges as follows:

1.    This is an action for damages in excess of $75,000.00, and this Court has jurisdiction pursuant to diversity of the parties.

2.    At all times material hereto the Plaintiff, TIMOTHY STRAW, was and is a resident of Broward County, Florida.

3.    At all times material hereto, the Defendant, TRINITY YACHTS, L.L.C., was a foreign corporation, authorized to and doing business in Broward County, Florida.

4.    At all times material hereto, the Defendant, STEVEN ALYWARD, was a resident of Massachusetts.

5.    At all times material hereto, the Defendant, STEVEN FALLON, was a resident of Rhode Island.

**"EXHIBIT A"**

6.    At all times material hereto, the Defendant, SERGE GODIN, was a resident of Montreal, Quebec, Canada.

7.    At all times material hereto, the Defendant, IMAGINE, was a foreign corporation, domiciled in the Cayman Islands.

## COUNT I

## BATTERY

Plaintiff realleges and reavers Paragraphs 1 through 7 as if fully set forth herein and would further state:

8.    On or about November 30, 2005, the Defendant, STEVEN ALYWARD, committed a battery upon the Plaintiff, TIMOTHY STRAW, by knowingly, willfully, intentionally and maliciously striking the Plaintiff, TIMOTHY STRAW, against his will.

9.    Said battery was wanton, willful, malicious, unlawful and without legal provocation and an intentional effort to cause the Plaintiff, TIMOTHY STRAW, physical and emotional injury.

10.   As a direct and proximate result of the conduct of the Defendant, STEVEN ALYWARD, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

11.   In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demand judgment for damages against the Defendant, STEVEN ALYWARD, together with costs and demands trial by jury of all issues triable as of right by jury.

## COUNT II

### NEGLIGENCE OF STEVEN ALYWARD

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

12.   On or about November 30, 2005, Defendant, STEVEN ALYWARD, owed a duty to the Plaintiff, TIMOTHY STRAW, to exercise reasonable care in his actions so as not to injure the Plaintiff.

13.   At all times material hereto, Defendant, STEVEN ALYWARD, was careless and negligent and breached the above duty by:

a.   Failing to properly control his  physical movements so as to avoid injury to the Plaintiff.

b.   By physically striking and injuring the Plaintiff as a result of his negligent failure to control his body movements.

14.   As a direct and proximate result of the negligence of the Defendant, STEVEN ALYWARD, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the

treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

15.    In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, STEVEN ALYWARD, together with costs, and demands trial by jury of all issues triable as of right by a jury.

## COUNT III

### NEGLIGENCE OF TRINITY YACHTS, L.L.C.

#### NEGLIGENT HIRING, SUPERVISION AND RETENTION

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

16.    The Defendant, TRINITY YACHTS, L.L.C., hired and employed as employees, agents or subcontractors, Defendants, STEVEN ALYWARD and STEVEN FALLON.

17.    The Defendant, TRINITY YACHTS, L.L.C., knew or should have known that said individuals would be required to come into contact with members of the public at large, and individuals with whom they conduct

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

their business, including the Plaintiff, TIMOTHY STRAW.

18.   The Defendant, TRINITY YACHTS, L.L.C., knew or should have known that its employees, agents or subcontractors, STEVEN ALYWARD and STEVEN FALLON, would be unsuitable for job duties wherein they would come into contact with individuals with whom possible disagreements or conflicts may occur.

19.   That the Defendant, TRINITY YACHTS, L.L.C., owed a duty to the Plaintiff to use reasonable care in the hiring of employees, agents and subcontractors, and to investigate its employees, agents and subcontractors before hiring them and allowing them to come into contact with the general public, and further owed a duty to adequately supervise their conduct while employees, agents and subcontractors of TRINITY YACHTS, L.L.C. and to dismiss and terminate employees, agents and subcontractors when it becomes apparent that those individuals pose an unreasonable risk to the people they come into contact with during the course and scope of their employment or agency with TRINITY YACHTS, L.L.C.

20.   That Defendant, TRINITY YACHTS, L.L.C., negligently hired STEVEN ALYWARD and then failed to screen him to properly determine his ability to deal with job duties that would cause him to come into contact with individuals, including the Plaintiff, TIMOTHY STRAW.

21.   That Defendant, TRINITY YACHTS, L.L.C., breached its duty to Plaintiff by negligently hiring, supervising and retaining STEVEN ALYWARD.

22.   That Defendant, TRINITY YACHTS, L.L.C., failed to ensure that it was safe to place Defendant, STEVEN ALYWARD, in a position where he would come in contact with general public, specifically in this case, with the Plaintiff, TIMOTHY STRAW.

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

23.    That Defendant, TRINITY YACHTS, L.L.C., failed to maintain a hiring system that adequately involved background investigation, interviewing, checking references and other mechanisms to ensure that their employees and/or agents were suitable for employment or agency in their given positions.

24.    Had Defendant, TRINITY YACHTS, L.L.C., completed an investigation of Defendant, STEVEN ALYWARD, it would have been revealed that he was unsuitable for the particular duty for which he was hired.

25.    Defendant, TRINITY YACHTS, L.L.C., failed to exercise a level of care which, under all of the circumstances, a reasonably prudent employer would have exercised in choosing the Defendant, STEVEN ALYWARD, for the particular duties he performed.

26.    But for the negligent acts and omissions of Defendant, TRINITY YACHTS, L.L.C., Plaintiff, TIMOTHY STRAW, would not have had the employment-related contact with Defendant, STEVEN ALYWARD, which led to the subsequent injury inflicted upon him. At the time of the subject incident, STEVEN ALYWARD was in the course and scope of his employment, therefore, there is a causal connection between the employment/agency of STEVEN ALYWARD by TRINITY YACHTS, L.L.C. and the injury inflicted upon the Plaintiff, TIMOTHY STRAW.

27.    Defendant, TRINITY YACHTS, L.L.C., knew or should have known that STEVEN ALYWARD was predisposed to committing violence against members of the public in general, and that he was employed under circumstances that provided him and allowed him the opportunity to engage in such injurious conduct during the course and scope of his employment.

28.    As a direct and proximate result of the above acts of the Defendant, TRINITY YACHTS, L.L.C., directly, as well as through its

employees, agents and/or subcontractors, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

29.    In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, TRINITY YACHTS, L.L.C., together with costs, and demands trial by jury of all issues triable as of right by a jury.

### COUNT IV

### VICARIOUS LIABILITY OF TRINITY YACHTS, L.L.C.

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

30.    At all times material hereto, the Defendant, TRINITY YACHTS, L.L.C., is vicariously liable for the  acts of its  agent, employee subcontractor or servant, STEVEN ALYWARD, set forth in this Complaint, committed within the course and scope of his employment.

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

31.    At the time he injured the Plaintiff, TIMOTHY STRAW, the Defendant, STEVEN ALYWARD, was acting within the course and scope of his employment with TRINITY YACHTS, L.L.C.

32.    As a direct and proximate result of the negligence and/or intentional acts of the Defendant, STEVEN ALYWARD, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

33.    In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, TRINITY YACHTS, L.L.C., together with costs, and demands trial by jury of all issues triable as of right by a jury.

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

## COUNT V

## NEGLIGENCE OF STEVEN FALLON

## NEGLIGENT HIRING, SUPERVISION AND RETENTION

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

34.   The Defendant, STEVEN FALLON, hired and employed as an employee, subcontractor or agent, Defendant, STEVEN ALYWARD.

35.   The Defendant, STEVEN FALLON, knew or should have known that said individual would be required to come into contact with members of the public at large, and individuals with whom they conduct their business, including the Plaintiff, TIMOTHY STRAW.

36.   The Defendant, STEVEN FALLON, knew or should have known that his employee, agent or subcontractor, STEVEN ALYWARD, would be unsuitable for job duties wherein he would come into contact with members of the general public with whom possible disagreements or conflicts may occur.

37.   That the Defendant, STEVEN FALLON, owed a duty to the Plaintiff to use reasonable care in the hiring of employees, and to investigate his employees before hiring them and allowing them to come into contact with the general public, and further owed a duty to adequately supervise their conduct while employees, subcontractors or agents of STEVEN FALLON and to dismiss and terminate employees, subcontractors or agents when it becomes apparent that those individuals pose an unreasonable risk to the people they come into contact with during the course and scope of their employment or agency with STEVEN FALLON.

38.   That Defendant, STEVEN FALLON, negligently hired STEVEN ALYWARD and then failed to screen him to properly determine his ability to deal with job duties that would cause him to come into contact with individuals,

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

including the Plaintiff, TIMOTHY STRAW.

39. That Defendant, STEVEN FALLON, breached his duty to Plaintiff by negligently hiring, supervising and retaining STEVEN ALYWARD.

40. That Defendant, STEVEN FALLON, failed to ensure that it was safe to place Defendant, STEVEN ALYWARD, in a position where he would come in contact with general public, specifically in this case, with the Plaintiff, TIMOTHY STRAW.

41. That Defendant, STEVEN FALLON, failed to maintain a hiring system that adequately involved background investigation, interviewing, checking references and other mechanisms to ensure that their employees and/or agents were suitable for employment or agency in their given positions.

42. Had Defendant, STEVEN FALLON, completed an investigation of Defendant, STEVEN ALYWARD, it would have been revealed that he was unsuitable for the particular duty for which he was hired.

43. Defendant, STEVEN FALLON, failed to exercise a level of care which, under all of the circumstances, a reasonably prudent employer would have exercised in choosing the Defendant, STEVEN ALYWARD, for the particular duties he performed.

44. But for the negligent acts and omissions of Defendant, STEVEN FALLON, Plaintiff, TIMOTHY STRAW, would not have had the employment-related contact with Defendant, STEVEN ALYWARD, which led to the subsequent injury inflicted upon him. At the time of the subject incident, STEVEN ALYWARD was in the course and scope of his employment, therefore, there is a causal connection between the employment/agency of STEVEN ALYWARD by STEVEN FALLON and the injury inflicted upon the Plaintiff, TIMOTHY STRAW.

45.   Defendant, STEVEN FALLON, knew or should have known that STEVEN ALYWARD was predisposed to committing violence against members of the public in general, and that he was employed under circumstances that provided him and allowed him the opportunity to engage in such injurious conduct during the course and scope of his employment.

46.   As a direct and proximate result of the above acts of the Defendant, STEVEN FALLON, directly, as well as through his employees, agents and/or servants, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

47.   In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, STEVEN FALLON, together with costs, and demands trial by jury of all issues triable as of right by a jury.

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

## COUNT VI

### VICARIOUS LIABILITY OF STEVEN FALLON

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

48.    At all times material hereto, the Defendant, STEVEN FALLON, is vicariously liable for the acts of his agent, employee subcontractor or servant, STEVEN ALYWARD, set forth in this Complaint, committed within the course and scope of his employment.

49.    At the time he injured the Plaintiff, TIMOTHY STRAW, the Defendant, STEVEN ALYWARD, was acting within the course and scope of his employment and agency with STEVEN FALLON.

50.    As a direct and proximate result of the negligence and/or intentional acts of the Defendant, STEVEN ALYWARD, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

51.    In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, STEVEN FALLON, together with costs, and demands trial by jury of all issues triable as of right by a jury.

## COUNT VII

### NEGLIGENCE OF SERGE GODIN

### NEGLIGENT HIRING, SUPERVISION AND RETENTION

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

52.   The Defendant, SERGE GODIN, hired and employed as an employee, subcontractor or agent, Defendant, STEVEN ALYWARD.

53.   The Defendant, SERGE GODIN, knew or should have known that said individual would be required to come into contact with members of the public at large, and individuals with whom they conduct their business, including the Plaintiff, TIMOTHY STRAW.

54.   The Defendant, SERGE GODIN, knew or should have known that his employee, agent or subcontractor, STEVEN ALYWARD, would be unsuitable for job duties wherein he would come into contact with members of the general public with whom possible disagreements or conflicts may occur.

55.   That the Defendant, SERGE GODIN, owed a duty to the Plaintiff to use reasonable care in the hiring of employees, and to investigate his employees before hiring them and allowing them to come into contact with the general public, and further owed a duty to adequately supervise their conduct while employees, subcontractors or agents of SERGE GODIN and to dismiss and terminate employees, subcontractors or agents when it becomes apparent that those individuals pose an unreasonable risk to the people they come into contact with during the course and scope of their employment

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

or agency with SERGE GODIN.

56.   That Defendant, SERGE GODIN, negligently hired STEVEN ALYWARD and then failed to screen him to properly determine his ability to deal with job duties that would cause him to come into contact with individuals, including the Plaintiff, TIMOTHY STRAW.

57.   That Defendant, SERGE GODIN, breached his duty to Plaintiff by negligently hiring, supervising and retaining STEVEN ALYWARD.

58.   That Defendant, SERGE GODIN, failed to ensure that it was safe to place Defendant, STEVEN ALYWARD, in a position where he would come in contact with general public, specifically in this case, with the Plaintiff, TIMOTHY STRAW.

59.   That Defendant, SERGE GODIN, failed to maintain a hiring system that adequately involved background investigation, interviewing, checking references and other mechanisms to ensure that their employees and/or agents were suitable for employment or agency in their given positions.

60.   Had Defendant, SERGE GODIN, completed an investigation of Defendant, STEVEN ALYWARD, it would have been revealed that he was unsuitable for the particular duty for which he was hired.

61.   Defendant, SERGE GODIN, failed to exercise a level of care which, under all of the circumstances, a reasonably prudent employer would have exercised in choosing the Defendant, STEVEN ALYWARD, for the particular duties he performed.

62.   But for the negligent acts and omissions of Defendant, SERGE GODIN, Plaintiff, TIMOTHY STRAW, would not have had the employment-related contact with Defendant, STEVEN ALYWARD, which led to the subsequent injury inflicted upon him.  At the time of the subject incident, STEVEN ALYWARD was in the course and scope of his employment, therefore, there is a causal

connection between the employment/agency of STEVEN ALYWARD by SERGE GODIN and the injury inflicted upon the Plaintiff, TIMOTHY STRAW.

63.    Defendant, SERGE GODIN, knew or should have known that STEVEN ALYWARD was predisposed to committing violence against members of the public in general, and that he was employed under circumstances that provided him and allowed him the opportunity to engage in such injurious conduct during the course and scope of his employment.

64.    As a direct and proximate result of the above acts of the Defendant, SERGE GODIN, directly, as well as through his employees, agents and/or servants, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

65.    In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, SERGE GODIN, together with costs, and demands trial by jury of all issues triable as of right by a jury.

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

## COUNT VIII

### VICARIOUS LIABILITY OF SERGE GODIN

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

66.   At all times material hereto, the Defendant, SERGE GODIN, is vicariously liable for the acts of his agent, employee subcontractor or servant, STEVEN ALYWARD, set forth in this Complaint, committed within the course and scope of his employment.

67.   At the time he injured the Plaintiff, TIMOTHY STRAW, the Defendant, STEVEN ALYWARD, was acting within the course and scope of his employment and agency with SERGE GODIN.

68.   As a direct and proximate result of the negligence and/or intentional acts of the Defendant, STEVEN ALYWARD, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

69.   In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the

loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, SERGE GODIN, together with costs, and demands trial by jury of all issues triable as of right by a jury.

### COUNT IX

### NEGLIGENCE OF IMAGINE, A FOREIGN CORPORATION

### NEGLIGENT HIRING, SUPERVISION AND RETENTION

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

70.   The Defendant, IMAGINE, hired and employed as an employee, subcontractor or agent, Defendant, STEVEN ALYWARD.

71.   The Defendant, IMAGINE, knew or should have known that said individual would be required to come into contact with members of the public at large, and individuals with whom they conduct their business, including the Plaintiff, TIMOTHY STRAW.

72.   The Defendant, IMAGINE, knew or should have known that his employee, agent or subcontractor, STEVEN ALYWARD, would be unsuitable for job duties wherein he would come into contact with members of the general public with whom possible disagreements or conflicts may occur.

73.   That the Defendant, IMAGINE, owed a duty to the Plaintiff to use reasonable care in the hiring of employees, and to investigate his employees before hiring them and allowing them to come into contact with the general public, and further owed a duty to adequately supervise their conduct while employees, subcontractors or agents of IMAGINE and to dismiss and terminate employees, subcontractors or agents when it becomes apparent that those individuals pose an unreasonable risk to the people they come into contact with during the course and scope of their employment or agency

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

with IMAGINE.

74.   That Defendant, IMAGINE, negligently hired STEVEN ALYWARD and then failed to screen him to properly determine his ability to deal with job duties that would cause him to come into contact with individuals, including the Plaintiff, TIMOTHY STRAW.

75.   That Defendant, IMAGINE, breached his duty to Plaintiff by negligently hiring, supervising and retaining STEVEN ALYWARD.

76.   That Defendant, IMAGINE, failed to ensure that it was safe to place Defendant, STEVEN ALYWARD, in a position where he would come in contact with general public, specifically in this case, with the Plaintiff, TIMOTHY STRAW.

77.   That Defendant, IMAGINE, failed to maintain a hiring system that adequately involved background investigation, interviewing, checking references and other mechanisms to ensure that their employees and/or agents were suitable for employment or agency in their given positions.

78.   Had Defendant, IMAGINE, completed an investigation of Defendant, STEVEN ALYWARD, it would have been revealed that he was unsuitable for the particular duty for which he was hired.

79.   Defendant, IMAGINE, failed to exercise a level of care which, under all of the circumstances, a reasonably prudent employer would have exercised in choosing the Defendant, STEVEN ALYWARD, for the particular duties he performed.

80.   But for the negligent acts and omissions of Defendant, IMAGINE, Plaintiff, TIMOTHY STRAW, would not have had the employment-related contact with Defendant, STEVEN ALYWARD, which led to the subsequent injury inflicted upon him. At the time of the subject incident, STEVEN ALYWARD was in the course and scope of his employment, therefore, there is a causal

connection between the employment/agency of STEVEN ALYWARD by IMAGINE and the injury inflicted upon the Plaintiff, TIMOTHY STRAW.

81.  Defendant, IMAGINE, knew or should have known that STEVEN ALYWARD was predisposed to committing violence against members of the public in general, and that he was employed under circumstances that provided him and allowed him the opportunity to engage in such injurious conduct during the course and scope of his employment.

82.  As a direct and proximate result of the above acts of the Defendant, IMAGINE, directly, as well as through his employees, agents and/or servants, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

83.  In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, IMAGINE, together with costs, and demands trial by jury of all issues triable as of right by a jury.

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

### COUNT X

### VICARIOUS LIABILITY OF IMAGINE, A FOREIGN CORPORATION

Plaintiff realleges and reavers Paragraphs 1 through 7 as though fully set forth herein, and would further state:

84.   At all times material hereto, the Defendant, IMAGINE, is vicariously liable for the acts of his agent, employee subcontractor or servant, STEVEN ALYWARD, set forth in this Complaint, committed within the course and scope of his employment.

85.   At the time he injured the Plaintiff, TIMOTHY STRAW, the Defendant, STEVEN ALYWARD, was acting within the course and scope of his employment and agency with IMAGINE.

86.   As a direct and proximate result of the negligence and/or intentional acts of the Defendant, STEVEN ALYWARD, the Plaintiff, TIMOTHY STRAW, was injured in and about his body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

87.   In that the injuries suffered by Plaintiff, TIMOTHY STRAW, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd

loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, TIMOTHY STRAW, demands judgment for damages against the Defendant, IMAGINE, a foreign corporation, together with costs, and demands trial by jury of all issues triable as of right by a jury.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF electronic Document Filing System for the Southern District of Florida.  I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**DANIEL R. MAIER, P.A.**
Co-Counsel for Plaintiff, STRAW
915 Middle River Drive
Sixth Floor
Fort Lauderdale, FL 33304
(954) 566-3330

*/s/ Daniel R. Maier*

By: _____
DANIEL R. MAIER, ESQ.
Florida Bar #623776

**<u>SERVICE LIST</u>**

**Timothy Straw vs. Trinity Yachts, L.L.C., a foreign corporation,**
**and Steven Alyward**
**U.S. District Court Case Number 07-61403-CIV-COHN/Seltzer**

John J. Spiegel, Esq.
John J. Spiegel, P.A.
900 Concord Building
66 West Flagler Street
Miami, FL 33130
Phone:      (305) 539-0700
Facsimile: (305) 539-1894
E-Mail:     jspiegel@bellsouth.net

Co-Counsel for Plaintiff

---

Robert D. McIntosh, Esq.
Adorno & Yoss, LLP
888 S.E. Third Avenue, Suite 500
Ft. Lauderdale, FL 33316
Phone:      (954) 523-5885
Fax:        (954) 760-9531
E-Mail:     rdm@adorno.com

Attorneys for Defendant, Trinity

---

Miles C. Thomas, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
27th Floor, Pan American Life Center
601 Poydras Street
New Orleans, LA 70130
Phone:      (504) 568-1990
Fax:        (504) 310-9195
E-Mail:     mthomas@lawla.com

Attorneys for Defendant, Trinity

N:\WORK\CLIENTS.PI\Straw.Timothy\Suit\complaint.amd2.wpd